## In re NEUMANN.

No. 3509.

District Court, D. Minnesota, Second Division.

July 16, 1935.

John N. Johnson, of Canby, Minn., for New York Life Ins. Co.

MOLYNEAUX, District Judge.

It appears from the certificate of the referee and from all of the files and records in 'this proceeding that the New York Life Insurance Company was the owner of a valid mortgage upon the real estate concerned, and that it proceeded, under the laws of the state of Minnesota, to foreclose said mortgage by advertisement.

Such proceedings were had thereunder that the land was sold under said foreclosure proceeding on the 11th day of August, 1934, and was bought in by said New York Life Insurance Company. Eight days prior to the date of the sale the bankrupt filed a petition for conciliation or extension under section 75, Bankr. Act, as amended 11 USCA § 203, in this court, and the case was referred to the conciliation commissioner for Yellow Medicine county, Minn.

Said foreclosure and sale were had without any knowledge on the part of the life insurance company of the filing of said conciliation proceedings. The conciliation proceedings failed and terminated and the bankrupt amended his petition and was adjudicated a bankrupt by the referee in bankruptcy.

The said insurance company has continually appeared and objected to the proceedings herein. It appeared at the first meeting of the creditors in the bank-

428

ruptcy proceeding and moved that the proceedings be dismissed as to it, and that it be permitted to foreclose its mortgage, which motion was denied.

On May 1, 1935, the company filed an additional petition asking that the proceeding be dismissed, and that the sale on the 11th day of August, 1934, be adjudicated valid, notwithstanding the pendency of the conciliation proceedings, and if that be denied, then for an order of the court dismissing the proceeding so far as it related to or involved said real estate, and said New York Life Insurance Company, and authorizing it and permitting it to foreclose its mortgage. This petition was filed May 1, 1935, and was brought on for hearing and was heard before the referee on June 17, 1935, pursuant to an order to show cause, and on June 21 the referee made his order denying the petition, except that said insurance company was directed to liquidate its security by foreclosure, in accordance with the laws of the state of Minnesota.

This proceeding is here upon the petition of the New York Life Insurance Company to review said rulings and order of the referee.

I think the rulings and the order of the referee in bankruptcy were correct.

■ Having, after the termination of the conciliation proceedings, amended his petition and alleged bankruptcy, the bankrupt was entitled to proceed in the bankruptcy court as an ordinary bankrupt, and finally, if entitled thereto, to have a discharge in bankruptcy, and that discharge would include any claim made on the note secured by said mortgage for deficiency or otherwise.

■ For that reason the bankruptcy proceedings should not be dismissed as to the New York Life Insurance Company any more than it should be dismissed as to any of the other creditors of the bankrupt. However, the life insurance company was entitled to liquidate its mortgage and the note secured thereby, by foreclosure proceedings. It was so held and ordered by the referee in bankruptcy. The referee, therefore, properly denied the motion of the insurance company to dismiss the proceedings as to it, but permitted and ordered that the insurance company was at liberty to proceed with its foreclosure.

Section 75, Agricultural Compositions and Extensions of the Bankruptcy Act, subsection o, provides:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * *

"(2) Proceedings for foreclosure of a mortgage on land."

The effect of this provision was to inhibit the mortgagee from proceeding further in the foreclosure proceeding and from making the sale under the foreclosure proceeding, and would, in my opinion, render the sale made in violation of the provision invalid. It may be that there would be some circumstances which, if shown, would justify the court in holding that the sale so made was valid, but there has been no such showing in this case.

The order of the referee refusing to dismiss this proceeding as to the insurance company and the order permitting the insurance company to foreclose its mortgage are confirmed.